UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARNELL MCGARY,

        Plaintiff,

        v.

DR. TIM MCBATH, *et al*,

        Defendants.

Case No.  C05-5284FDB

ORDER

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the court upon plaintiff's filing of a motion for preliminary injunction. (Dkt. #14).  After reviewing the motion and the balance of the record, the court finds and orders as follows:

Plaintiff moves for the court to order the state and/or Special Commitment Center to: discontinue involuntarily medicating plaintiff; discontinue provoking plaintiff by creating conditions that violate the evolving standards of decency; move plaintiff out of his current environment; cease entering plaintiff's room without his presence; and discontinue its "malpractice" against plaintiff.

The basic function of preliminary injunctive relief is to preserve the *status quo ante litem* pending a determination of the action on the merits.  Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party seeking injunctive relief must fulfill either of two standards, the "traditional" or the "alternative":

> Under the traditional standard, a court may issue injunctive relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987) (citations omitted).  To obtain injunctive relief, the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. Caribbean Marine Services Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).  Plaintiff is unable to meet either of these standards, as he has not demonstrated a likelihood of success on the merits (see Report and Recommendation, recommending dismissal of plaintiff's amended complaint as frivolous, dated the same date herewith), and he has not shown that the balance of hardships tips sharply in his favor.

The court further notes that because no named defendants have been named in his motion (i.e., he names only the "state" and the SCC), plaintiff appears to be seeking injunctive relief against non-parties. However, "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969).  In other words, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Id.  As such, the court finds it has no power to grant the relief requested.  Accordingly, plaintiff's motion for preliminary injunction (Dkt. #14) is hereby DENIED.

The Clerk is directed to send a copy of this Order to plaintiff.

DATED this 3rd day of June, 2005.


Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2