UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARNELL MCGARY,<br><br>               Plaintiff,<br><br>    v.<br><br>DR. TIM MCBATH, *et al*,<br><br>               Defendants. | Case No.  C05-5284FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for July 1, 2005 |

      This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff currently is a detainee at the Washington State Department of Social and Health Services' Special Commitment Center ("SCC"). He has filed a civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*, and now, this matter is before the court due to certain fatal deficiencies in his amended complaint. For the reasons set forth below, the undersigned recommends this complaint be dismissed with prejudice as frivolous.

DISCUSSION

      A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d

REPORT AND RECOMMENDATION
Page - 1

1  1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete
2  defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of
3  process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin
4  v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

5  On May 11, 2005, the court ordered plaintiff to submit an amended complaint by no later than June
6  11, 2005, or show cause why this matter should not be dismissed due to certain fatal deficiencies in his
7  complaint. (Dkt. #11).  While plaintiff responded to the court's order by filing an amended complaint on
8  May 24, 2005 (Dkt. #15), that complaint remains fatally deficient.

9  A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d
10 1221, 1228 (9th Cir. 1984).  The court "may act on its own initiative to note the inadequacy of a complaint
11 and dismiss it for failure to state a claim" upon which relief may be granted. Wong v. Bell, 642 F.2d 359,
12 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357 at 593 (1969));
13 see also Sparling v. Hoffman Construction Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988); Omar v. Sea-Land
14 Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte* invoke Fed. R. Civ. P. 12(b)(6) to
15 dismiss deficient complaint); Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979).

16 To state a claim under 42 U.S.C. § 1983, a complaint must allege: (l) the conduct complained of
17 was committed by a person acting under color of state law and (2) the conduct deprived a person of a
18 right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor,
19 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  Section
20 1983 is the appropriate avenue to remedy an alleged wrong only if both of the above elements are present.
21 Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

22 A defendant has acted under color of state law if he or she "exercise[s] power 'possessed by virtue
23 of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"
24 Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997) (citations omitted).  In general, private parties do
25 not act under color of state law. Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).  A claim
26 may be brought against a private party under 42 U.S.C. § 1983, however, "who 'is a willful participant in
27 joint action with the State or its agents.'" Degrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000)
28 (citing Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) ("Private persons, jointly engaged with state officials

in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.'")).

On the other hand, "a bare allegation of such joint action" will not suffice. Id.; see also Radcliffe v. Rainbow Construction Co., 254 F.3d 772, 783-84 (9th Cir. 2001). Facts showing defendants "acted 'under color of state law or authority'" must be alleged. Degrassi, 207 F.3d at 647 (citation omitted); United Steelworkers v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (to prove conspiracy between state and private parties, plaintiff must show agreement or "meeting of the minds" between those parties to violate plaintiff's constitutional rights). In other words, to be liable under this theory "each participant must at least share the common objective of the conspiracy." Steelworkers, 865 F.2d at 1541.

In his original complaint (Dkt. #17), plaintiff alleged defendants conspired to deprive him of his constitutional rights, causing him to suffer physical and mental pain and suffering. To support his claim, plaintiff alleged that he was continually harassed and threatened by Department of Corrections ("DOC") staff and officials while incarcerated, that he was forced to stipulate to being a sexually violent predator, and that he was placed in the SCC following a number of psychological evaluations he was required to undergo. Although some of the claims plaintiff made did involve specifically named defendants, most of them did not. Nowhere in his complaint, furthermore, did plaintiff show that the named defendants had a "meeting of the minds" to violate his constitutional rights, or that they each shared the common objective of the alleged conspiracy.

The amended complaint contains essentially the same allegations as did the original complaint. While plaintiff claims that all of the named defendants conspired to commit the harm alleged, he points to no actions on their part that would suggest such a conspiracy. Indeed, most of the alleged actions of which plaintiff complains appear to have been committed by non-parties. In addition, although plaintiff does cite specific actions taken by certain named defendants (e.g., the various mental health evaluations plaintiff underwent), there is no indication those actions were improper or part of a conspiracy. See, e.g., First Amended Complaint, pp. 7-12, 14-15, 22-24.

Plaintiff also requests injunctive relief in the nature of an order directing defendants to "cease violating the laws and Constitution of the United States as pertains to Plaintiff." First Amended Complaint, p. 25. Title 18, section 3626 states:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular

REPORT AND RECOMMENDATION
Page - 3

>plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1).  To successfully request prospective injunctive relief, plaintiff must show that the threat is real and immediate, not conjectural or hypothetical.  Orantes-Hernandez v. Thornburgh, 919 F.2d 549, 557 (9th Cir. 1990); Kaiser v. County of Sacramento, 780 F.Supp. 1309, 1311 (E.D. Cal. 1991).  As discussed above, plaintiff has failed to sufficiently allege facts showing defendants conspired to deprive him of his constitutional rights.  As such, he also has failed to show that any alleged threat to him is real and immediate and not conjectural or hypothetical, let alone that his suggested relief is narrowly drawn to correct the violation of any federal right.

## CONCLUSION

Because plaintiff's amended complaint remains fatally deficient, the undersigned recommends the court dismiss that complaint with prejudice prior to service as frivolous.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **July 1, 2005**, as noted in the caption.

DATED this 3rd day of June, 2005.

Karen L. Strombom
United States Magistrate Judge